HOGAN LOVELLS CADWALADER US LLP
Tao Y. Leung (SBN 254265)
Ronnie Arenas (SBN 309674)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
tao.leung@hlc.com
ronnie.arenas@hlc.com

*Attorneys for Defendant*
PARKER-HANNIFIN CORPORATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JAMES SCHUMAKER, individually, and on behalf of himself and others similarly situated,

Plaintiff,

v.

PARKER-HANNIFIN CORPORATION, an Ohio corporation; and DOES 1 to 100, inclusive,

Defendants.

**CASE NO.: 3:26-cv-02943-RBM-BJW**

**DEFENDANT'S ANSWER WITH AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to the Court's July 13, 2026 Order (ECF No. 21) granting Defendant leave to file a new Answer, Defendant Parker-Hannifin Corporation ("Defendant"), by and through its attorneys of record, hereby answers the unverified Collective Action Complaint ("Complaint") filed by Plaintiff James Schumaker ("Plaintiff") as follows. Except as expressly admitted herein, Defendant denies each and every allegation of the Complaint, whether express or implied, and denies that Plaintiff or any putative collective action member is entitled to any relief whatsoever. Defendant reserves the right to amend this Answer as warranted by investigation and discovery.

## JURISDICTION AND VENUE

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

## PARTIES

5. Admitted upon information and belief.

6. Defendant admits only that Parker-Hannifin Corporation is an Ohio corporation that conducts business within the State of California and has employees in California, including the County of San Diego.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11. Defendant admits only that Paragraph 11 purports to define the term "Defendants" for purposes of the Complaint and denies any remaining allegations.

## COLLECTIVE ACTION ALLEGATIONS

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 related to Plaintiff consenting in writing to opt-in to this action and therefore denies the same. The remaining allegations in Paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15 and denies that notice to any putative collective members is warranted in this action.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17. (a)-(d) Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17 (a)-(d).

## GENERAL ALLEGATIONS

18. Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that it employed Plaintiff and other persons.

19. Admitted.

20. Admitted.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22. Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25. Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26. Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

## RESPONSES TO CAUSES OF ACTION

## FIRST CAUSE OF ACTION

27. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

28. Defendant admits only that Paragraph 28 purports to quote or summarize a portion of 29 U.S.C. § 207(a)(1), which speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29. Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30. Paragraph 30 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31. Paragraph 31 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31.

32. Paragraph 32 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34.

## SECOND CAUSE OF ACTION

35. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

36. Paragraph 36 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38. Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38.

39. Paragraph 39 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39.

40. Paragraph 40 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

## RESPONSE TO DEMAND FOR JURY TRIAL

Defendant notes Plaintiff's demand for a trial by jury. Defendant denies a trial by jury is warranted on claims which are not triable by jury.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief, and further responds as follows:

### Class Certification

1. Defendant denies that this action may properly be maintained as a collective action under 29 U.S.C. § 216(b), denies that Plaintiff or any putative collective members are similarly situated, denies that notice should issue to any putative collective members, and denies that Plaintiff or any other person is entitled to the relief requested in Paragraph 1.

2. Defendant denies that Plaintiff is an adequate or appropriate representative of any putative collective action and denies that Plaintiff is entitled to the relief requested in Paragraph 2.

3. Defendant denies that this action is appropriate for collective treatment and denies that Plaintiff's counsel should be appointed as counsel for any putative collective. Defendant further denies that Plaintiff is entitled to the relief requested in Paragraph 3.

### As to the First Cause of Action

4. Defendant denies that Plaintiff or any putative collective member is entitled to the relief requested in Paragraph 4.

5. Defendant denies that Plaintiff or any putative collective member is entitled to the relief requested in Paragraph 5.

6. Defendant denies that Plaintiff or any putative collective member is entitled to the relief requested in Paragraph 6.

7. Defendant denies that Plaintiff or any putative collective member is entitled to the relief requested in Paragraph 7.

8. Defendant denies that Plaintiff or any putative collective member is entitled to any relief whatsoever.

**As to the Second Cause of Action**

9. Defendant denies that Plaintiff or any putative collective member is entitled to the relief requested in Paragraph 9.

10. Defendant denies that Plaintiff or any putative collective member is entitled to the relief requested in Paragraph 10.

11. Defendant denies that Plaintiff or any putative collective member is entitled to the relief requested in Paragraph 11.

12. Defendant denies that Plaintiff or any putative collective member is entitled to the relief requested in Paragraph 12.

13. Defendant denies that Plaintiff or any putative collective member is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any issue for which it would not otherwise bear the burden, and without admitting any allegation of the Complaint, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. Plaintiff's Complaint, and each and every cause of action asserted in the Complaint, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations, including the two-year limitations period set forth in 29 U.S.C. § 255(a). Defendant denies that any alleged violation was willful within the meaning of 29 U.S.C. § 255(a), and therefore the three-year limitations period does not apply.

**THIRD AFFIRMATIVE DEFENSE**

**(Good Faith)**

3. At all times, Defendant acted in good faith, had a reasonable belief that it was complying with the FLSA, and acted in reliance with the written administrative regulations, orders, rulings, approval, and/or interpretation of the Administrator of the Wage and Hour Divisions of the United States Department of Labor.

**FOURTH AFFIRMATIVE DEFENSE**

**(Mitigation/Offset)**

4. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, to the extent that Plaintiff and/or the putative collective action members failed to mitigate their damages and other alleged losses as required by law. Moreover, any such damages must be offset by the amount of any benefits Plaintiff and/or the putative collective action members have already received as provided by law.

**FIFTH AFFIRMATIVE DEFENSE**

**(Third Party Conduct as Superseding Cause)**

5. Plaintiff's injuries and damages and those of the putative collective action members, if any, were directly and proximately caused by the acts, omissions and/or negligence of Plaintiff and/or the putative collective action members and/or other persons and/or entities other than Defendant. Defendant has no knowledge of and/or control over Plaintiff and/or those other persons and/or entities, and the conduct of such persons and/or entities constitutes an intervening and superseding cause of the alleged injuries and damages set forth in Plaintiff's Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Frivolous Action)**

7. Plaintiff's claims are frivolous and without foundation in fact. Furthermore, this lawsuit is being pursued by Plaintiff in bad faith and for vexatious reasons and for the purpose of harassing Defendant. Accordingly, Defendant is entitled to recover its attorneys' fees and the appropriate costs and expenses in defending this action.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith Belief)**

8. Defendant acted in good faith and with reasonable belief and did not in any manner, directly or indirectly, perform any act, or fail to perform any act, which would violate any alleged rights owed to Plaintiff or the putative collective action members.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

9. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

10. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

11. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, by the doctrine of waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Utilize Internal Grievance Procedures)**

12. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, by their failure to avail themselves of the grievance processes in the applicable collective bargaining agreements and other internal complaint procedures.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Judicial Estoppel)**

13. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, to the extent that Plaintiff's claims and/or the claims of any putative collective member are precluded by their prior inconsistent positions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

14. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, by the defense of consent.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Follow Policies and Procedures)**

15. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, because Plaintiff and/or the putative collective action members failed to abide by and follow Defendant's policies and procedures.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction, Payment, Release and/or Discharge)**

16. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, by the doctrines of accord and satisfaction, payment, release, and/or discharge.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Collective Bargaining Agreements)**

17. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, by the terms of the applicable collective bargaining agreements.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Claims Subject to Arbitration)**

18. Plaintiff's claims and the claims of the putative collective action members, in whole or in part, may not be litigated in court because some or all of said claims are subject to individual, mandatory, final and binding arbitration.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Collective Action Inappropriate)**

19. Plaintiff's claims and the claims of the putative collective action members, in whole or in part, cannot and should not be maintained as a collective action, class action or representative action because: those claims, and each of them, fail to meet the necessary requirements for collective and class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of a community of interest among the putative collective; and because collective certification is inappropriate due to Defendant's lawful policies.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(De Minimis Claims)**

20. Plaintiff's claims and the claims of the putative collective action members, in whole or in part, should be dismissed because all or part of the claims asserted address insubstantial or insignificant periods of time which cannot as a practical administrative matter be precisely recorded for payroll purposes and may be disregarded as *de minimis*.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Compliance with Law)**

21. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, because Defendant has complied with applicable law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

22. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, because Plaintiff and/or the putative collective action members could have avoided some or all of the harm they allege with reasonable effort.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Business Necessity)**

23. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, because the conduct about which Plaintiff complains and which is attributed to Defendant was privileged and justified as a matter of business necessity.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Exemptions from Overtime or Minimum Wage)**

24. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, because Plaintiff and/or members of the putative collective action are exempt under 29 U.S.C. § 207 pursuant to the provisions of 29 U.S.C. § 213.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Contractual Indemnity and Comparative Equitable Indemnity)**

25. Defendant is entitled to contractual indemnity and comparative equitable indemnity from others, including parties to this action, for the Complaint and each of its causes of action.

**<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>**

**(Unauthorized Work)**

26. Plaintiff's claims and the claims of the putative collective action members are barred, in whole or in part, because the work allegedly performed by Plaintiff and the putative collective action members was unauthorized, and Defendant neither knew nor had reason to know that such work was being performed.

**<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

**(Non-Compensable Time)**

27. The Complaint and each of its causes of action are barred because the activities and actions of Plaintiff and/or the putative collective action members are not compensable under applicable law.

**<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>**

**(Specific Jurisdiction)**

28. This Court lacks specific jurisdiction over the claims of any non-California putative collective members involving conduct outside of California.

**<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>**

**(Liquidated Damages)**

29. Plaintiff and the putative collective action members are not entitled to liquidated damages under the FLSA because Defendant acted in good faith and had reasonable grounds for believing that its actions and omissions were not in violation of the Fair Labor Standards Act, as set forth in 29 U.S.C. § 260.

**<u>THIRTIETH AFFIRMATIVE DEFENSE</u>**

**(Offset)**

30. Defendant asserts a right of set-off for all wages paid to Plaintiff and the putative collective action members that are not required by the FLSA.

**<u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>**

**(Res Judicata and Collateral Estoppel)**

31. Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel to the extent any claims or issues have been or are adjudicated in any other proceeding.

Defendant reserves the right to assert additional affirmative defenses as they become known through investigation and discovery, and expressly reserves the right to amend this Answer to add such defenses. Defendant further reserves the right to assert any and all counterclaims as they become known through investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Parker-Hannifin Corporation prays for judgment as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff and all putative collective action members on all causes of action;
2. That collective action certification be denied in its entirety;
3. That Defendant be awarded its costs of suit incurred herein;
4. That Defendant be awarded reasonable attorneys' fees to the extent permitted by law;
5. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 20, 2026

HOGAN LOVELLS CADWALADER US LLP

By: */s/ Ronnie Arenas*
Tao Y. Leung
Ronnie Arenas

*Attorneys for Defendant*
PARKER-HANNIFIN CORPORATION